UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DIEDRA FRANCIS,

        Plaintiff,

v.                                                    Case No:  8:18-cv-2492-T-24SPF

NANCY A. BERRYHILL, Acting
Commissioner of the Social Security
Administration,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed a Complaint (Doc. 1) seeking review of the denial of disability benefits under the Social Security Act. Currently before the Court is Plaintiff's Motion for Leave to Proceed *In Forma* Pauperis and Affidavit of Indigency (Doc. 2).  Upon review, Plaintiff fails to establish that she is indigent, and, therefore, denial of the request to proceed *in forma pauperis* is recommended.

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor.  28 U.S.C. § 1915(a)(1).  Namely, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  The right to proceed *in forma pauperis* in civil matters is not absolute, however; "it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115,

1116 (5th Cir. 1969)(*per curiam*).[1]   A court's decision to grant *in forma pauperis* status to a party is discretionary but should be granted only to those who are truly indigent.  *Larkin v. Astrue*, No. 3:07-cv-01208-J-32TEM, 2008 WL 1744856, at *1 (M.D. Fla. April 11, 2008) (citing *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983)).

Essentially, an affidavit will be deemed sufficient if it demonstrates that the litigant, because of his or her poverty, cannot pay for the court fees and costs or support and provide necessities for himself or herself and any dependents.  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).  In determining *in forma pauperis* eligibility, "courts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess."  *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006) (citation omitted).  Courts may also consider the income of a party's spouse and joint assets when determining a party's motion to proceed *in forma pauperis.  See, e.g., Jones v. St. Vincents Health Sys.*, No. 3:07-cv-177-J-32TEM, 2007 WL 1789242, at *1 (M.D. Fla. June 19, 2007) (denying the plaintiff's motion to proceed *in forma pauperis* because the plaintiff's total monthly income, which was derived primarily from the spouse's income, exceeded the plaintiff's joint monthly expenses).

In the instant action, the information provided in the Affidavit of Indigency indicates that Plaintiff maintains sufficient financial assets to afford her the ability to pay the filing fee.  Although Plaintiff is not currently employed, Plaintiff's spouse is employed and earns a weekly gross income of $1,300 (Doc. 2 at p. 3).  Moreover, Plaintiff has no

---

[1]   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

dependents.   Jointly, Plaintiff and her spouse own a home with an estimated value of $200,000, with a $157,019 mortgage balance, and Plaintiff states that she currently has $421 available in a financial account at a bank, savings and loan association, or other financial institution (Doc. 2 at p. 4).   Additionally, review of Plaintiff's expenses indicates that such expenses do not exceed the income from her husband's employment.   As such, Plaintiff failed to demonstrate that she is unable to pay the filing fee or provide security therefor.   *See* 28 U.S.C. § 1915(a)(1).   The undersigned thus concludes that Plaintiff does not qualify to proceed *in forma pauperis* in this action.   Accordingly, it is hereby

RECOMMENDED:

1.   Plaintiff's Motion for Leave to Proceed *In Forma* Pauperis and Affidavit of Indigency (Doc. 2) be DENIED.

2.  If the request is denied, Plaintiff be permitted a period of fourteen (14) days from the date of the Court's order denying the request to proceed *in forma pauperis* to pay the requisite filing fee to the Clerk.   If Plaintiff fails to pay the requisite filing fee to the Clerk within the allotted time, it is recommended that this action be dismissed.

IT IS SO REPORTED in Tampa, Florida, on this 7th day of November, 2018.


SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  Fed. R. Civ. P. 72(b)(2).  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit and waives that party's right to challenge anything to which no specific objection was made. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); 11th Cir. R. 3-1; Local Rule 6.02, M.D. Fla.


cc:    Hon. Susan C. Bucklew
        Counsel of Record