UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEIDRA ELAINE FRANCIS,

    Plaintiff,

v.                                              Case No. 8:18-cv-2492-T-SPF

ANDREW M. SAUL,
Commissioner of the Social
Security Administration,[1]

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision failed to employ proper legal standards, the Commissioner's decision is reversed.

    **I.**    **Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 426, 428). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 103-12, 113-22, 135-45, 146-56). Plaintiff then requested an administrative hearing (Tr. 241). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 78-102). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits on August 22, 2013 (Tr. 159-

---

[1] Andrew M. Saul became Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Acting Commissioner Nancy A. Berryhill as Defendant in this suit.

80). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council granted and remanded her case back to the ALJ (Tr. 181-84). Following the second hearing (Tr. 59-77), the ALJ issued an unfavorable decision on August 25, 2015 (Tr. 185-203). The Appeals Council granted Plaintiff's request for review and remanded her case back to an ALJ (Tr. 210-13). Following the third hearing (Tr. 32-54), the ALJ issued an unfavorable decision on November 6, 2017, finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 12-24). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-3). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1968, claimed disability beginning June 9, 2011 (Tr. 426, 428). Plaintiff obtained at least a high school education (Tr. 36, 174). Plaintiff's past relevant work experience included work as a data clerk (Tr. 23-24). Plaintiff alleged disability due to degenerative arthritis, fibromyalgia, depression, coronary artery disease, and diabetes (Tr. 103, 113).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2016 and had not engaged in substantial gainful activity since June 9, 2011, the alleged onset date (Tr. 17). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: degenerative joint disease, lumbar degenerative disc disease, fibromyalgia, coronary artery disease, and carpal tunnel syndrome (Tr. 17). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of

2

impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 19). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work except she can occasionally climb ladders, ropes, scaffolds, stairs, and ramps, balance, stoop, kneel, crouch, and crawl; frequently handle, finger, feel, push/pull, reach in all directions, and operate foot controls; needs to avoid concentrated exposure to hazards, humidity, irritants such as fumes, odors, dusts, and gases, extreme cold and heat, excessive vibration, and excessive noise; and is limited to jobs that can be performed using a handheld assistive device (Tr. 19-20). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 20).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff is capable of performing her past relevant work (Tr. 23). Accordingly, the ALJ found Plaintiff not disabled (Tr. 24).

**III.    Legal Standard**

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are

3

demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a), 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews

the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV.  Analysis**

Plaintiff argues here that the ALJ erred: (1) by rejecting the medical findings of Plaintiff's treating rheumatologist; (2) by not following the proper evaluation standards for determining the severity and functional limitations in cases involving fibromyalgia as set forth in Social Security Ruling ("SSR") 12-2p; (3) by giving great weight to two consultative examiners' opinions; (4) by giving little weight to the nurse practitioner; and (5) by not considering the opinion of treating physician Dr. Khin Latt. Upon a thorough review of the record and the parties' submissions, the Court finds that Plaintiff's second assertion of error warrants reversal and remand for further proceedings.

Plaintiff argues that the ALJ did not properly consider the severity and functional limitations of her fibromyalgia (Doc. 17 at 28-32). Specifically, Plaintiff contends that the

ALJ failed to comply with SSR 12-2p, which sets forth how to determine whether a person has the medically determinable impairment of fibromyalgia and, more pertinent to this case, how to evaluate the severity and functional limitations in a case concerning fibromyalgia. *See* SSR 12-2p, 2012 WL 3104869 (July 25, 2012). Defendant argues that the ALJ properly evaluated the severity and functional limiting effects of Plaintiff's fibromyalgia and that SSR 12-2p does not state that a diagnosis of fibromyalgia equates to any specific limitations or disability (Doc. 17 at 33-35).

Fibromyalgia "is 'characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months.'" *Laurey v. Comm'r of Soc. Sec.*, 632 F. App'x 978, 987-88 (11th Cir. 2015) (quoting SSR 12-2). The Social Security Administration ("SSA") promulgated SSR 12-2p to provide guidance on how the SSA develops evidence to establish that a person has a medically determinable impairment of fibromyalgia and how it will evaluate this impairment in a disability claim. SSR 12-2p, 2012 WL 3104869, at *1. The ruling directs ALJs to consider fibromyalgia in the five-step sequential evaluation process and instructs them on how to develop evidence and assess the impairment in determining if it is disabling. When making an RFC determination, SSR 12-2p states, an ALJ should "consider a longitudinal record whenever possible because the symptoms of [fibromyalgia] can wax and wane so that a person may have 'bad days and good days.'" SSR 12-2p, 2012 WL 3104869, at *6. When determining whether a claimant can do any past relevant work or other work that exists in significant numbers in the national economy, SSR 12-2p instructs an ALJ to consider widespread pain or other symptoms associated with fibromyalgia (such as fatigue) and to be alert to the possibility that there may be exertion or nonexertional limitations, such as postural or environmental limitations, that

may impact the analysis. *Id.* The ruling advises that "[i]f objective medical evidence does not substantiate the person's statements about the intensity, persistence, and functionally limiting effects of symptoms," the SSA will consider all of the record evidence, including the claimant's daily activities, medications or other treatments the person uses, or has used, to alleviate symptoms, the nature and frequency of the person's attempts to obtain medical treatment for symptoms, and statements by third parties about the claimant's symptoms. SSR 12-2p, 2012 WL 3104869, at *5.

The ALJ did not dispute Plaintiff's fibromyalgia diagnosis and concluded it was a severe impairment (Tr. 17). However, the ALJ found that, while the Plaintiff's medically determinable impairments, including fibromyalgia, could reasonably be expected to produce the alleged symptoms, her statements regarding the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record (Tr. 20). Instead of then, as set forth in SSR 12-2p, sufficiently considering or discussing Plaintiff's symptoms in the context of her daily activities, medications or other treatments, the nature and frequency of medical treatment, and statements by third parties, the ALJ focused on Plaintiff's symptoms not being substantiated by the objective evidence. The objective evidence upon which the ALJ relied in discounting Plaintiff's fibromyalgia-related symptoms included, but was not limited to, a magnetic resonance imaging (MRI) scan of Plaintiff's lumbar spine from March 2011, which showed only mild osseous degenerative changes (Tr. 777); x-rays of Plaintiff's hands and hips from 2011, which note that the joint spaces were preserved (Tr. 795); and a nerve conduction study in September 2012, which showed normal motor and sensory nerves in the bilateral lower extremities (Tr. 923). *See* Tr. 21. The ALJ's considerations of the objective evidence, however, do not comport with the

7

fact that physical examinations for person's with fibromyalgia will usually yield normal results, *e.g.*, a full range of motion, no joint swelling, as well as normal muscle strength and neurological reactions. *See Johnson v. Colvin*, No. 1:14cv149-WS, 2015 WL 1931218, at *9 (N.D. Fla. Apr. 27, 2015) (citations omitted); *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996) ("Since swelling of the joints is not a symptom of fibromyalgia, its absence is no more indicative that the patient's fibromyalgia is not disabling than the absence of headache is an indication that a patient's prostate cancer is not advanced."). In fact, it is common in cases involving fibromyalgia to find evidence of such examinations and testing in order to rule out other disorders that could account for the person's symptoms and signs. SSR 12-2p, 2012 WL 3104869, at *3; *see also Somogy v. Comm'r of Soc. Sec.*, 366 F. App'x 56, 63 (11th Cir. 2010) (the hallmark of fibromyalgia is "a lack of objective evidence" because it "often lacks medical or laboratory signs, and is generally diagnosed mostly on an individual's described symptoms").

Undue emphasis on the lack of objective findings to substantiate a claimant's fibromyalgia-related reports constitutes error under well-established case law of this Circuit. *Witherell v. Berryhill*, No. 8:17-cv-2806-T-CPT, 2019 WL 1397927, at *4 (M.D. Fla. Mar. 28, 2019). Here, the ALJ's conclusory reasoning and repeated reference to objective medical evidence demonstrates that he relied primarily—if not exclusively—on the objective medical evidence. Moreover, the ALJ did not adequately consider (or even refer to) SSR 12-2p's framework for evaluating fibromyalgia when discounting Plaintiff's statements regarding intensity, persistence, and limiting effects of her symptoms. *See, e.g., Catalan v. Berryhill*, No. 8:17-cv-1425-T-30MAP, 2018 WL 4055340 (M.D. Fla. Aug. 9, 2018) (remanding where ALJ failed to mention or follow SSR 12-2p's criteria concerning fibromyalgia); *Janeda v. Comm'r of*

8

*Soc. Sec.*, No. 2:16-cv-803-FtM-MRM, 2018 WL 1282313 (M.D. Fla. Mar. 13, 2018) (remanding where ALJ failed to consider claimant's fibromyalgia pursuant to SSR 12-2p and may have erred in evaluating her fibromyalgia); *Morgan v. Comm'r of Soc. Sec.*, No. 8:14-cv-305-T-DNF, 2015 WL 1311062 (M.D. Fla. Mar. 24, 2015) (remanding where ALJ failed to mention or follow SSR 12-2p's criteria concerning fibromyalgia). As such, the ALJ's analysis regarding Plaintiff's fibromyalgia-related symptoms is inadequate, and the Court is unable to determine whether the ALJ's ultimate disability determination is supported by substantial evidence. *See Atkins v. Comm'r of Soc. Sec.*, No. 3:19-CV-142-J-MAP, 2019 WL 6838512, at *3-5 (M.D. Fla. Dec. 16, 2019) (finding that, because the ALJ failed to consider claimant's fibromyalgia according to the criterion set forth in SSR 12-2p, the Court was unable to determine whether the ALJ's ultimate disability determination was supported by substantial evidence); *Cline v. Comm'r of Soc. Sec.*, No. 6:17-cv-1373-Orl-22-DCI, 2018 WL 1800861, at *4 (M.D. Fla. Mar. 29, 2018) (finding the ALJ's conclusory reasoning demonstrated that he relied primarily on the objective medical evidence, instead of the record as a whole, in evaluating the testimony of the claimant and, as such, the ALJ's credibility determination did not comport with the requirements of SSR 12-2p). Accordingly, reversal and remand are warranted.

The remaining issues presented by Plaintiff need not be addressed because the case is being remanded to the Commissioner for further consideration. *See, e.g., Demench v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating that it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered

in the subsequent proceedings); *Bekiempis v. Colvin*, No. 8:16-cv-192-T-27TGW, 2017 WL 459198, at *5 (M.D. Fla. Jan. 17, 2017) (finding it appropriate to pretermit discussion of two other contentions raised by claimant in light of a remand, which would generate a new decision). On remand, the Commissioner should reassess the entire record, evaluate Plaintiff's fibromyalgia in accordance with SSR 12-2p, and provide sufficient reasons and readily-identifiable evidentiary support for his decision.

V. **Conclusion**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is reversed, and the case is remanded to the Commissioner for further consideration in accordance with this opinion.

2. The Clerk is directed to enter final judgment in favor of Plaintiff and close the case.

**ORDERED** in Tampa, Florida, on this 13th day of March 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE